IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COVERT MANUFACTURING, INC. <br> COVERT MANAGEMENT, INC. <br> COVERT FINANCIAL, LLC <br> 328 S. East Street <br> Galion, OH 44833, <br><br>      Plaintiffs, <br><br> vs. <br><br> DONNA MORROW <br> 408 Glenway Cove, <br> Lebanon, TN 37087 <br><br>      Defendant. | CASE NO. _____ <br><br> JUDGE _____ <br><br> **COMPLAINT (WITH JURY DEMAND ENDORSED HEREON)** |

NOW COME Plaintiffs Covert Manufacturing, Inc, Covert Management, Inc. and Covert Financial, LLC (jointly "Covert"), by and through their attorneys, and for their Complaint hereby aver, allege and pray:

**PARTIES**

1. Covert Manufacturing is an Ohio corporation, with its principal place of business and headquarters in Crawford County, Ohio. Covert Manufacturing has registered with the Ohio Secretary of State and conducts business within Crawford County, Ohio.

2. Covert Management is an Ohio corporation, with its principal place of business and headquarters in Crawford County, Ohio. Covert Management has registered with the Ohio Secretary of State and conducts business within Crawford County, Ohio.

3. Covert Financial is an Ohio limited liability company, with its principal place of business and headquarters in Crawford County, Ohio. Covert Financial has registered with the Ohio Secretary of State and conducts business within Crawford County, Ohio.

4. Defendant Morrow is an individual domiciled in Lebanon, Wilson County, Tennessee and is a citizen of Tennessee. Until May 6, 2021, Defendant Morrow was a shareholder and director of Covert.

## THE DISPUTE

5. This is a declaratory judgment action regarding the contractual transaction by which Defendants redeemed Morrow's Covert stock.

6. Covert seeks to confirm the parties' agreed modification of that contractual transaction. Alternatively, Covert seeks reformation due to mutual mistake or a declaration there is no breach by Covert due to impossibility.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this is a civil action between citizens of different states. Covert are Ohio citizens; Morrow is a Tennessee citizen.

8. This Court has personal jurisdiction over Morrow because the contractual transaction consisted of Ohio contract(s), with Ohio parties (Covert), over Ohio personal property, entered into in Ohio.

9. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Covert's claims occurred in this District and the contractual transaction that is subject of the action are Ohio contract(s).

**FACTUAL ALLEGATIONS**

10. In May 2021, the parties negotiated a buyout of Morrow's shares in Covert. That negotiated buyout was reflected in the parties' *Stock Redemption Agreement*, including the Exhibits expressly incorporated therein. The *Stock Redemption Agreement* and the relevant Exhibits to this dispute are attached hereto.

11. The *Stock Redemption Agreement* and incorporated *Promissory Note* called for $4.5M of the $5M redemption price to be paid to Morrow by December 3, 2021, in one lump sum, at 3% interest. *Agreement,* §1C; *Promissory Note*.

12. The contractual transaction – including the *Stock Redemption Agreement* and incorporated *Promissory Note* – were expressly subject to compliance with Exhibits D-F (Joint Action by Shareholders and Directors) to the *Stock Redemption Agreement.* All 3 Exhibits conditioned the entire transaction (including the $4.5M lump sum payment in December 2021) on the mutual belief "the Company's financial position permits the cash redemption of the Shareholders' shares without jeopardizing the financial future of the Company." Exs. D-F, p. 1.

13. Contrary to the parties' mutual belief, Covert's financial position did NOT allow it to pay Morrow's $4.5M lump sum in December 2021 without jeopardizing the financial future of the Company." Between May 2021 and November 2021, Covert's bank warned Covert they could not pay Morrow $4.5M in December 2021 without violating Covert's financial covenants to the bank or without putting Covert into default (and putting Covert's financial future in jeopardy.)

14. In light of that mutual mistake (and impossibility), the parties renegotiated the *Stock Redemption Agreement* and *Promissory Note* on or about November 19, 2021. They

renegotiated payment to Morrow in 84 equal installments of $59,498.95 – beginning January 2022 and including the same 3% interest rate. The *Amended Promissory Note* is attached.

15. Despite agreeing to the renegotiated *Stock Redemption Agreement* and *Promissory Note* on or about November 19, 2021, Morrow refused to sign any papers confirming the renegotiated terms. Nevertheless, Covert paid Morrow $59,498.95 per month since January 2022 – as required and per the terms of the renegotiated *Stock Redemption Agreement* and *Promissory Note*.

16. Until recently, Morrow abided by the renegotiated *Stock Redemption Agreement* and *Promissory Note*. But recently, after Morrow learned her mother gifted the Covert family home and acreage to Morrow's niece (excluding Morrow from any inheritance of the family home and acreage), Morrow reneged on the renegotiated terms. 10 months after renegotiating those terms with Covert, 9 months after the original $4.5M lump sum payment would have been due, Morrow repudiated the renegotiated terms and accused Covert of breach and default on the original $4.5M lump sum payment.

17. Because the parties renegotiated terms (reflected in the *Amended Promissory Note*) due to their mutual mistake (and impossibility) but Morrow refuses to abide by those renegotiated terms, this declaratory action is necessary.

## COUNT ONE
## DECLARATORY JUDGMENT

18. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 17 of their Complaint as if fully rewritten herein.

19. 28 U.S.C. §2201(a) authorizes parties to seek declaratory judgments from federal courts, and authorizes federal courts to issue declaratory judgments. That authority includes declaratory judgments regarding contractual rights and obligations.

20. Because Morrow seeks to repudiate the renegotiated agreement (including the *Amended Promissory Note*), Covert seeks the Court's assistance – to declare the renegotiated agreement (including the *Amended Promissory Note*) is the binding contractual transaction among the parties.

21. Alternatively, Covert seeks the Court's assistance – reformation of the original agreement (including the original *Promissory Note*) based on the doctrine of mutual mistake.

22. Alternatively, Covert seeks the Court's assistance – a declaration it is not in breach of the original agreement (including the original *Promissory Note*) due to impossibility.

WHEREFORE, Plaintiffs pray:

1. That the Court issue a declaratory judgment deeming the renegotiated agreement (including the *Amended Promissory Note*) to be the parties' contractual agreement(s).

2. Alternatively, the Court issue a declaratory judgment deeming the renegotiated agreement (including the *Amended Promissory Note*) the parties' reformed agreement(s) under the doctrine of mutual mistake.

3. Alternatively, the Court issue a declaratory judgment that Covert is not in breach of the original agreement (including the original *Promissory Note*) due to impossibility.

## JURY DEMAND

Plaintiffs believe their claims are equitable remedies from the Court. But in an abundance of caution, Plaintiffs reserve their right to a jury trial if any issues in this case (including any counterclaims) are subject to trial by jury.

Respectfully Submitted,

ROETZEL & ANDRESS, LPA

/s/ *Barry Y. Freeman*
Barry Y. Freeman (0062040)
Lauryn T. Robinson (0101046)
bfreeman@ralaw.com
ltrobinson@ralaw.com
1375 East 9th St., 10th Floor
Cleveland, Ohio 44114
Telephone: 216.615.4850
Facsimile: 216.623.0134

*Attorneys for Plaintiff*

18928317 v1